ANTONIO RODRÍGUEZ, Appellant, *v.* REGISTRAR OF SAN GERMÁN, Respondent.

Nos. 651 and 652. Submitted November 2, 1926.—Decided November 19, 1926.

The parties appeared by briefs.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The decision of the registrar in case No. 651 depends entirely on his note in .case No. 652. This being the case, we shall consider both appeals together.

The ground of the decision of the registrar in case 652 was that the notarial copy presented for record in the registry did not show that the original deed had been paraphed by the notary authenticating it.

It appears from said copy that on the 12th of December, 1921, Francisco Catalá, his wife, Rita María Matei, and Juan Aguilera, appeared before a notary to execute a deed by which the said spouses sold to Aguilera a lot in Yauco. In a copy of the said deed issued on the same day on which the original was executed no mention is made that the original was paraphed. Some years later and on the same copy the same notary endorsed the following:

"I certify that the original of this document, that is to say ·deed No. 112, executed before me, is properly signed, and paraphed by me, and is sealed with the seal of my office . . . "

That certified statement is signed, paraphed and sealed by the notary.

The contention of the registrar is that the only document to be considered is the copy as it was first issued and that.

the certified statement has no value because it is not authorized by law. He cites in support therof the case of *Fragoso* v. *Marxuach*, 31 P.R.R. 187. We admit that the copy should be a faithful reproduction of the original in every detail and that it should have contained from the first the fact that the original had been paraphed. But we can not see why the certified statement complementing and perfecting the copy should not be given credence. No law is required expressly authorizing the issuance of such certified statements. Use has been made of a remedy generally admitted as proper. A bona fide omission is liable to be made in a copy and it can be remedied provided it can be supplied, as in the present case, with the same degree of authenticity as the original document.

The case cited, *Fragoso* v. *Marxuach, supra,* is not applicable. In that case the copy was complete, but the original was not. The latter had the date written in pencil and was neither signed nor sealed by the notary, and it was declared void in conformity with the law. In the present case we must accept the statement of the notary authenticating the copy that the original always complied with the legal requirements and that the deficiency of the copy at the time of the issuance was afterwards duly supplied.

Therefore the document is not defective.

After the recording of this document it will be proper to record the document referred to in case No. 651, it being a deed of the sale to appellant Antonio Rodríguez from Juan Aguilera and his wife of the lot bought by them according to a deed dated December 12, 1921. The only ground for the refusal of the registrar to record the document in this case was that the title of the vendor was not recorded.

Both decisions are reversed and the records ordered.

Mr. Justice Hutchison took no part in the decision of this case.